O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CECELIA OLIVAS, | Case No. SACV 08-01085-MLG |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security, | |
| Defendant. | |

Plaintiff Cecelia Olivas seeks judicial review of the Social Security Commissioner's denial of her application for Supplemental Security Income ("SSI") benefits under the Social Security Act. For the reasons stated below, the Commissioner's decision is **AFFIRMED**.

**I. Facts and Procedural History**

Plaintiff was born on July 3, 1964, and has a ninth grade education. (Administrative Record ("AR") 104, 106.) Plaintiff's work history includes positions as a cashier, customer service representative, and machine shop worker; she has not been gainfully employed since 2000 or 2001. (AR 23, 100.)

Plaintiff has filed two applications for SSI benefits, the first on September 20, 2002, and the second on January 31, 2006. In each application, Plaintiff asserted that she is disabled due to depression, back and neck pain, and tingling, pain, and numbness in her hands, arms, and legs. (AR 24-33.) After the Commissioner denied Plaintiff's first application initially and upon reconsideration, Plaintiff timely requested a hearing. Administrative Law Judge Richard A. Urbin held a hearing on August 4, 2005, at which Plaintiff testified and was represented by counsel. (AR 42.) A vocational expert also testified. (AR 49.)

The ALJ denied Plaintiff's first application on August 26, 2005, concluding that Plaintiff was not disabled under the Social Security Act. The ALJ applied the five-step sequential analysis mandated by the Social Security Regulations[1] in reaching his decision. The ALJ found that Plaintiff had not engaged in substantial gainful activity at least from the date she filed her application, and that her severe impairments included obesity and spondylolisthesis of the lumbosacral spine. (AR 43.) The ALJ determined that Plaintiff's depression was not severe, nor was her wrist impariment, which Plaintiff testified had significantly improved. (*Id.*) After determining that Plaintiff's impairments did not meet or equal the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1, the ALJ concluded that Plaintiff retained the residual

---

[1] The five steps are as follows: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant's impairment is "severe"; (3) whether the impairment meets or equals one of the listings in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) whether the claimant is able to return to past relevant work; and (5) whether the claimant can do other types of work. 20 C.F.R. § 404.1520(a)(4). These steps are cumulative, meaning that the ALJ need not consider further steps after finding that a step does not favor the claimant.

functional capacity ("RFC")[2] to lift or carry twenty pounds occasionally and ten pounds frequently, stand or walk for two hours and sit for six hours out of an eight-hour day, and occasionally climb, balance, kneel, crouch, crawl, and stoop. (AR 47.) Relying on the vocational expert's testimony, the ALJ found that Plaintiff could not return to her past relevant work, but that jobs existed in significant numbers in the national economy that Plaintiff is able to perform, such as ink printer, buckle-wire inserter, and touch up screener. (AR 49.) On January 30, 2006, the Social Security Appeals Council denied Plaintiff's request for review. (AR 9.) Plaintiff did not pursue further appeals on this application.

Plaintiff filed her second application for SSI benefits on January 31, 2006, which the Commissioner denied initially and on reconsideration. (Joint Stip. 2.) Plaintiff appeared for a second hearing on October 2, 2007, before ALJ Charles E. Stevenson, at which Plaintiff testified and was represented by counsel. (AR 9.) In a decision issued on October 17, 2007, the ALJ first stated that Plaintiff's second application was based on the same impairments as the first application. (AR 9.) Because those impairments had been found to be nondisabling, the ALJ noted that Plaintiff bore the burden of proving "changed circumstances" sufficient to overcome the presumption of nondisability under *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988). (AR 14-15.) The ALJ concluded that Plaintiff failed to meet her burden and

---

[2] A claimant's RFC is what he or she is capable of doing despite physical and mental limitations. 20 C.F.R. § 404.1545(a)(1); *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996).

adopted the prior ALJ's decision denying her claim.

The Appeals Council denied Plaintiff's request for review on August 6, 2008. (AR 1.) Plaintiff filed this action on September 25, 2008, challenging the denial of her second application. Plaintiff contended that the ALJ erred by (1) failing to properly consider the examining physician's opinion; (2) incorrectly concluding that Plaintiff could perform work as an ink printer, buckle-wire inserter, or touch up screener; and (3) failing to properly consider Plaintiff's obesity in reaching the disability determination. (Joint Stip. 2-3.) This matter is ready for decision.

**II.  Standard of Review**

The Court must uphold the Social Security Administrations's disability determination unless it is not supported by substantial evidence or is based on legal error. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)(citing *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Substantial evidence means more than a scintilla, but less than a preponderance; it is evidence that a reasonable person might accept as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute [its] judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

When a claimant's application for SSI benefits is denied and the claimant does not appeal, the decision denying benefits becomes binding on all parties and creates a presumption of continuing nondisability. *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985). In a subsequent application for SSI based on the same disability, the claimant bears the burden of showing "'changed circumstances' indicating a greater disability." *Chavez*, 844 F.2d at 693 (quoting *Taylor*, 765 F.2d at 875). If the claimant fails to meet this burden, the ALJ may rely on the prior decision in denying the later claim. *Lyle v. Sec'y of Health & Human Servs.*, 700 F.2d 566, 568 (9th Cir. 1983). With these principles in mind, the Court will turn to Plaintiff's assignments of error.

**A.   The ALJ Properly Considered the Examining Physician's Opinion**

Plaintiff argues that, in ascertaining her RFC, the ALJ failed to account for the opinion of the orthopedic examining physician, John Chung, M.D. (Joint Stip. 3-5.) After examining Plaintiff, Dr. Chung noted in his report that Plaintiff might have carpal tunnel syndrome, but that such a diagnosis would need to be confirmed with nerve conduction studies. (AR 181.) He stated that "[t]he only objective finding at the present time is that ... she has spondylolisthesis at a level of L4 to L5." (*Id.*) Dr. Chung further stated that Plaintiff "might have difficulty using her hand[s] doing fine and gross manipulation for an extended period of time such as over [a] 1/2 an hour and 45 minutes" and that she "might do occasional activity requiring agility[3]." (*Id.*) Dr.

---

[3]  Plaintiff apparently assumes that in using the word "agility," Dr. Chung meant "manual dexterity." It is not clear from the report whether Plaintiff's interpretation is correct, but either way it has no bearing on the case's outcome.

Chung also indicated that Plaintiff's subjective complaints were greater than the objective findings would indicate. (AR 14.)

In discussing Dr. Chung's opinion, the ALJ acknowledged Dr. Chung's statement that Plaintiff could have carpal tunnel syndrome, but he did not mention the possible limitations associated with that syndrome that Dr. Chung identified, nor did he incorporate them into the RFC determination. Plaintiff contends that this omission was error, arguing that the ALJ was required to provide specific and legitimate reasons for rejecting Dr. Chung's opinion. (Joint Stip. 4.) Plaintiff does not mention her burden to show changed circumstances from her previous SSI application, and she offers no discussion of how her condition worsened from the prior application, even though the ALJ specifically concluded that Plaintiff had failed to meet her burden. The Court must determine whether the ALJ's decision was supported by substantial evidence in the record, in light of both the first and second ALJs' decisions.

In his decision on Plaintiff's first application, the prior ALJ mentioned the possibility that Plaintiff had carpal tunnel syndrome, based on a note in the medical record. (AR 43.) The ALJ did not give the matter further consideration, however, because Plaintiff apparently testified at the first hearing that her wrist problems had been resolved, which an examining orthopedist confirmed. (AR 43.) Now, however, Plaintiff asserts that she has significant tingling, numbness, pain, and loss of strength in her arms and hands, which she claims interferes with her ability to use her hands. (AR 28-30.)

In evaluating Plaintiff's claimed impairments, the second ALJ stated that "the claimant has offered little objective evidence of a change in circumstances or a worsening of her condition." (AR 13.) The ALJ then summarized the medical records Plaintiff provided to support

6

her claim, all of which focused on Plaintiff's complaints of back pain. (AR 13-14.) The ALJ stated, "The claimant presented no other significant objective medical evidence of a change in circumstances or a worsening of her condition. Nonetheless, she maintains she is unable to work due to her alleged subjective symptoms." (AR 14.) The ALJ found Plaintiff to be "not fully credible regarding the extent, intensity and duration of the alleged subjective symptoms and functional limitations and restrictions" (*id.*), a finding that Plaintiff does not challenge. The ALJ concluded that Plaintiff had not met her burden to rebut the presumption of continuing nondisability.

Nothing in the record supports Plaintiff's claims of debilitating symptoms in her hands and wrists. Dr. Chung's notation that she *might* have difficulty using her hands and that further testing needed to be done to determine whether she even had carpal tunnel is insufficient to establish changed circumstances. Plaintiff's argument that "Dr. Chung has determined that the Plaintiff does indeed have significant limitations that may bear an impact on the Plaintiff's ability to work" is an inaccurate characterization of the record. (*See* Joint Stip. 5.) The Court agrees with Defendant's contention that Dr. Chung's equivocal statement regarding Plaintiff's possible limitations is not significant probative evidence requiring explicit acceptance or rejection by the ALJ, particularly in light of the absence of other evidence supporting such limitations. (*See* Joint Stip. 7.)

The Court concludes that the ALJ properly considered the examining physician's opinion, and the decision is supported by substantial evidence in the record. The ALJ's decision to adopt the prior denial of Plaintiff's first application for SSI benefits was appropriate. Plaintiff is not entitled to relief on this claim.

    **B.    The ALJ Appropriately Concluded that Plaintiff Could Perform the Jobs of Ink Printer, Buckle-Wire Inserter, and Touch Up Screener**

Plaintiff argues that, in light of Dr. Chung's statement as to her possible manual limitations, the ALJ incorrectly determined that Plaintiff was capable of performing work as an ink printer, buckle-wire inserter, or touch up screener, all of which require constant, frequent, or occasional handling and fingering. (Joint Stip. 8.) The Court has already concluded that the ALJ's consideration of Dr. Chung's statement was proper. Accordingly, the ALJ was not required to incorporate the statement into the RFC determination. Plaintiff is not entitled to relief on this claim.

    **C.    Plaintiff Failed to Demonstrate Changed Circumstances as to Her Obesity**

Plaintiff argues that the ALJ improperly failed to consider the impact of Plaintiff's obesity on her functional limitations. (Joint Stip. 10-12.) As with her other claims, Plaintiff does not address her burden to establish changed circumstances; she simply argues that obesity is a required consideration when evaluating a claimant's disability.

Although Plaintiff is correct that a claimant's obesity does have an impact on disability determinations, she entirely fails to offer any evidence or argument that her condition has worsened or changed in any way since the denial of her first application. The first ALJ clearly considered Plaintiff's obesity, finding it to be a severe impairment, and still concluded that Plaintiff was not disabled. Unless Plaintiff can show that something relevant has changed, she is not entitled to have the second ALJ, or this Court, reconsider whether her obesity

rendered her disabled. Plaintiff's failure to make such a showing precludes this claim.

**IV. Conclusion**

For the reasons stated above, the Commissioner's decision denying Plaintiff's application for SSI benefits is **AFFIRMED**.

DATED: July 16, 2009

_____
MARC L. GOLDMAN
United States Magistrate Judge